UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MELBA BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAWRENCE M. SMALL, )<br>)<br>Defendant. )<br>) | Civil Action No.: 05-1086 (RMU) |

**ANSWER**

Defendant, Lawrence M. Small, Secretary, Smithsonian Institution, through his undersigned counsel, hereby answers the Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The defendant had legitimate, non-discriminatory reasons for its actions which were in full compliance with law and regulation.

**THIRD DEFENSE**

Defendant responds to the numbered allegations of the Complaint as follows:

1. Admit that the plaintiff Melba Brown is an African American female employee of the Smithsonian Institution, assigned to its National Zoological Park. Deny that defendant has engaged in any unlawful employment practices, and deny that plaintiff is entitled to any relief.

2. Paragraph 2 sets forth plaintiff's description of her action to which no response is required. To the extent a response may be deemed necessary, deny that defendant has engaged in

unlawful discrimination against plaintiff.

3. Admit that this court has jurisdiction over this action pursuant to 42 U.S.C. §2000e-16(a),(c), and §20003-5, and 28 U.S.C. §1343(a)(4).

4. Deny that defendant has engaged in unlawful employment practices, and deny that plaintiff was denied a promotion. Admit that venue is proper in this district court pursuant to 42 U.S.C. 2000e-5(f)(3).

5. Admit that Ms. Brown is an African American female citizen of the United States and a resident of the State of Maryland. Admit that Ms. Brown has been employed by the Smithsonian Institution's National Zoological Park as a federal employee since 1984.

6. Admit that Lawrence M. Small, Secretary of the Smithsonian Institution, in his official capacity is the proper party defendant. Deny that the Smithsonian is a "Department." Aver that the Smithsonian Institution is a trust instrumentality of the United States.

7. Admit that plaintiff has been employed at the Smithsonian Institution's National Zoological Park since 1984. Admit that plaintiff has been an animal caretaker or animal keeper since 1984. Admit that since 1993, plaintiff has been an animal keeper in the Animal Programs Department, Small Mammal Unit.

8. Admit that in February 2004, plaintiff applied for the position of biologist, GS-401-9/11, Animal Programs, National Zoological Park, Smithsonian Institution, Vacancy Announcement No. 04SP-1033.

9. Admit that plaintiff's name was placed on the Referral Certificate for Federal Position, biologist, GS-401-9, dated February 23, 2004. Admit that plaintiff was interviewed on March 11, 2004 by a panel of three persons, Lisa Stevens, Michael Davenport, and Sara Hallinger.

10. Admit that Robert King is plaintiff's first-line supervisor and that he is a Caucasian white male.

11. Admit that Mr. King worked with the three persons on the interview panel to develop a list of questions that were then submitted to Scarlitt Proctor in the Office of Human Resources for her review. Deny that Mr. King acted alone in preparing the list of questions.

12. Admit that prior to the interview on March 11, 2004, Mr. King asked plaintiff if she would be able to work the hours that the biologist position required, specifically starting at 6:30 AM. Deny that Mr. King questioned plaintiff about daycare arrangements for her child.

13. Admit that Mr. King was the selecting official, but aver that he followed the recommendation of the three-person interview panel in making this selection. Admit that David Kessler, a white male, was selected for the position of biologist, GS-401-9/11, Animal Programs, National Zoological Park, Smithsonian Institution, Vacancy Announcement No. 04SP-1033.

14. Admit that plaintiff was informed she had not been selected for the position of biologist, GS-401-9/11, Animal Programs, National Zoological Park, Smithsonian Institution, Vacancy Announcement No. 04SP-1033.

15. Admit that plaintiff's initial date of contact with the EEO counselor was April 5, 2004.

16. Admit.

17. Admit.

18. Admit.

19. Admit that Rosslyn Brown's Report of Investigation is dated November 23, 2004. Admit that the Report was transmitted to plaintiff on December 2, 2004.

20. Admit.

21. Admit.

22. Admit.

23. Defendant repeats and incorporates by reference his responses to the allegations set forth in paragraphs 1 though 22 above.

24. Deny.

25. Deny.

26. Defendant repeats and incorporates by reference his responses to the allegations set forth in paragraphs 1 through 25 above.

27. Deny.

28. Deny.

29. Paragraph 29 contains plaintiff's prayer for relief to which no response is required. To the extent a response is deemed necessary, defendant denies that plaintiff is entitled to the relief prayed for or to any relief whatsoever.

Defendant denies any and all allegations contained in the Complaint that are not specifically Admit above.

Wherefore, having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted his costs and such other relief as this Court deems appropriate.

August 16, 2005                                  Respectfully submitted,

                                                 _____
                                                 KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                                 United States Attorney

                                                                                                       _____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

                                                                                                         _____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

OF COUNSEL
Christine Nicholson
Associate General Counsel
Smithsonian Institution
P.O. Box 23286
Washington, DC  20026-3286