UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELBA BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 05-1086 (RMU) |
| CRISTIAN SAMPER,[1] ) | |
| Acting Secretary, Smithsonian Institution, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT**

On March 28, 2007, after the time for appeal had run, Plaintiff filed a motion seeking relief under Rule 60(b) from this Court's January 19, 2007 order granting Defendant's motion for summary judgment on Plaintiff's claims of employment discrimination. Plaintiff's motion is meritless and should be denied.

1.      First, Plaintiff bears the burden of demonstrating that she satisfies the prerequisites for relief under Rule 60(b). Sieverding v. American Bar Ass'n, 466 F. Supp. 2d 224, 227 (D.D.C. 2006) (Urbina, J.). Yet Plaintiff, in her three-paragraph brief, does not even cite any of the six reasons available to support a Rule 60(b) motion. Nor does she state the legal standards to succeed on such a motion (which vary depending on the reason cited). Plaintiff's motion fails on its face to meet Plaintiff's Rule 60(b) burden and should be denied.

2.      Second, Defendant assumes, for sake of argument, that Plaintiff seeks relief under reason six, a "catch-all reason" under which courts may grant relief from a judgment for "any . . . reason justifying [such] relief." Sieverding, 466 F. Supp. 2d at 227; Fed. R. Civ. P. 60(b). But

---

[1] Substituted pursuant to Fed. R. Civ. P. 25(d).

motions under Rule 60(b)(6) are required to be filed within a "reasonable time," Fed. R. Civ. P. 60(b), and the D.C. Circuit has suggested, as a "rule of thumb," that a "reasonable time" might be judged by the time by which a party must file a notice of appeal.  See Brannum v. Buriltanu, 1999 U.S. Dist. LEXIS 13332 at * 6 (July 28, 1999) (Urbina, J.).  Plaintiff's motion is outside this time frame, is otherwise untimely, and should be denied.

   3.  Third, even assuming timeliness, courts apply Rule 60(b)(6) "sparingly" to situations presenting "'extraordinary circumstances.'"  Sieverding, 466 F. Supp. 2d at 227 (internal citation omitted).  Plaintiff has presented no such circumstances.  Her motion relies on a declaration from Ralph Graham, apparently a commissary steward, which relates an alleged conversation from July 2004 between Mr. Graham and Robert King, Plaintiff's supervisor.  According to Mr. Graham, he asked Mr. King whether King "was . . . going to get some diversity down to meet the quota system," and King said he did "not believe in that quota thing."  Plaintiff contends this constitutes "direct evidence concerning King's possible prejudices."  Mem. at 2.

   But Mr. King's alleged statement is no evidence of discrimination.[2]  Title VII's anti-discrimination provision does not create or require a "quota system"; in fact, "[p]referential treatment and the use of quotas by public employers subject to Title VII can violate the Constitution."  Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 993 (U.S. 1988).  Moreover, if Plaintiff thought this alleged statement from July 2004 was in any way helpful to her case, she should have presented it during the summary judgment proceedings (Plaintiff filed her opposition to Defendant's motion for summary judgment in July 2006, two years later).  Offering it now

---

[2] Mr. King denies making this statement.  Defendant is not burdening the Court with an additional declaration because the statement is irrelevant.

without explanation provides no "extraordinary circumstances" for reopening this Court's final judgment.  See Johnson v. Ashcroft, 223 F. Supp. 2d 116, 118 (D.D.C. 2002) (Urbina, J.) (absent manifest injustice, the court "cannot grant a Rule 60(b) motion merely because the plaintiff failed to present facts helpful to [her] cause when [she] had the chance.").

For all of these reasons Plaintiff's motion should be denied.

April 5, 2007                                   Respectfully submitted,

                                                _____
                                                JEFFREY A. TAYLOR, D.C. Bar # 498610
                                                United States Attorney

                                                      /s/
                                                _____
                                                RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                Assistant United States Attorney

                                                      /s/
                                                _____
                                                ALAN BURCH, D.C. Bar # 470655
                                                Assistant United States Attorney
                                                555 4th St., N.W.
                                                Washington, D.C. 20530
                                                (202) 514-7204
                                                alan.burch@usdoj.gov

*OF COUNSEL:*
CRAIG M. BLACKWELL
Assistant General Counsel
Smithsonian Institution
P.O. Box 23286
Washington, D.C. 20026-3286
blackwellc@si.edu