UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MELBA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 05-1086 (RMU) |
| | ) | |
| v. | ) | |
| | ) | |
| CRISTIAN SAMPER, | ) | |
| Acting Secretary, Smithsonian Institution | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION
FOR RELIEF FROM JUDGMENT**

**A.  Legal Standard for Relief Under Federal Rule of Civil Procedure 60 (b)**

The court, in its discretion, may relieve a party from an otherwise final judgment pursuant to any of the six reasons enumerated in Rule 60 (b). *Sieverding v. ABA*, 466 F. Supp. 2d 224, 227 (D.D.C. 2006) (citations omitted).  Rule 60 (b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment." Fed R. Civ. P. 60 (b) (6).

Citing *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the court in *Sieverding* stated that relief under Rule 60 (b) (1) "turns on equitable factors, notably whether any neglect was excusable." *Id*.  In holding that the determination of excusable neglect is an equitable matter, the Supreme Court (construing Bankruptcy Rule 9006 (b)) identified several relevant factors

to consider when determining what type of neglect will be considered excusable.  These factors include:  (1) the risk of prejudice to the non-movant, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.  *Pioneer* at 395-97.

Relying again on the holding in *Pioneer*, the court in *Sieverding* stated that courts use the Rule 60 (b) (6) catch-all reason sparingly and apply it only in extraordinary circumstances.  *Sieverding* at 227.  (citation omitted)  However, extraordinary circumstances may be present "[w]hen a party presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust . . . even though the original failure to present the information was inexcusable."  *Good Luck Nursing Home, Inc. v. Harris*, 204 U.S. App. D.C. 300, 636 F.2d 572, 577 (D.C. Cir. 1980).

### B.  Argument

Plaintiff's opposition to defendant's motion for summary judgment was filled on July 7, 2006 *nunc pro tunc* to July 5, 2006.  While subsequently organizing her records and reviewing her case, plaintiff remembered that another zoo employee had told her about a conversation with Robert King that was related to King's employment decisions.  Ex. 1.  Because this employee was a previously unidentified witness, plaintiff immediately notified defendant by supplementing her March 2006 discovery responses.

Defendant's interrogatory numbered 14 stated, "Identify every person you expect to call as a witness on your behalf at a prospective trial on this matter."  Ex. 2. Defendant's interrogatory numbered 15 stated, "For each person identified in the

previous Interrogatory, describe in detail the substance of each person's expected testimony." *Id.* Plaintiff's supplemental response to defendant's interrogatory numbered 15[1] stated, "Bernard Graham will testify that when asked about hiring racial minorities, Bob King said that he 'did not believe in that quota thing.'" Ex. 3.

Plaintiff's supplemental interrogatory responses were served on July 17, 1006. Exs. 1 and 3. Defendant's reply memorandum was filed the next day on July 18, 2006. Defendant erroneously assumes that because the King conversation with Graham occurred in July 2004, plaintiff learned of the conversation in July 2004. Irrespective of when plaintiff learned of the King/Graham conversation, clearly she had not yet remembered it when she served her March 2006 discovery responses. If she had remembered, assuredly she would have included the fact in her March 2006 discovery responses as well as in her opposition to defendant's summary judgment motion.

The court's memorandum opinion was filed on January 19, 2007. Plaintiff then sought to have Graham confirm her memory of his encounter with King and to reduce the conversation to writing. In this regard, plaintiff was in no position to pressure the witness in any way or to demand a speedier response to her request than the one she eventually obtained. Ex. l. Nevertheless, plaintiff filed her motion for relief on March 28, 2007, or slightly more than two months after the court's judgment was entered.

## 1. Federal Rule 60 (b) (1)

Plaintiff first seeks relief pursuant to Rule 60 (b) (1). Applying the factors identified as relevant to a determination of what type of neglect is excusable, plaintiff's failure to timely remember a key witness' testimony and to include it in her

---

[1] In her supplemental answers, plaintiff mistakenly numbered defendant's interrogatories numbered 14 and 15 as numbers 15 and 16.

opposition to defendant's motion for summary judgment presents no risk of prejudice to the defendant. When plaintiff did remember the evidence, she immediately identified Graham and conveyed the substance of his testimony to defendant. Exs. 1 and 3. Moreover, Graham is still employed at the zoo and is as available to the defendant as he is to plaintiff.

The length of the delay was extremely brief. Plaintiff could not apprise the court of Graham's evidence at the time she filed her opposition because she did not then remember it. When she did remember, she immediately notified defendant. Plaintiff's motion for relief was filed approximately two months after the Court's January 2007 judgment. When plaintiff sought to obtain Graham's written testimony, she had no control over the length of time Graham took to respond. Nevertheless, she managed to obtain his declaration and file it just two months after the court's judgment was entered.

Finally, there is no evidence here that plaintiff acted in bad faith. On the contrary, plaintiff moved with alacrity to notify defendant of her newly remembered evidence. Plaintiff notified defendant about the formerly undisclosed evidence the day before defendant filed its reply memorandum and months before the court issued its memorandum opinion. As plaintiff's neglect in failing to include evidence of the King/Graham conversation in her opposition to defendant's summary judgment motion is excusable, plaintiff is entitled to relief pursuant to Rule 60 (b) (1).

### 2. Federal Rule 60 (b) (6)

Alternatively, plaintiff seeks relief pursuant to Rule 60 (b) (6). The determinative factor is whether the previously unconsidered evidence is so central to the litigation that it qualifies as extraordinary circumstances pursuant to Rule 60 (b) (6). *Stanford v. PEPCO*,

2006 U.S. Dist. LEXIS 41468 at *12 (June 21, 2006) (Walton, J.)  In *Stanford*, the plaintiff offered four newspaper articles as objective evidence of the consequences of working with high voltage without having proper safety equipment or training.  *Id*.  The court held that the proffered evidence was insufficient because none of the deaths referenced in the articles was alleged to have resulted from "inadequate training or lack of safety equipment."  *Id*.

Notably, King does not dispute the content of his July 2004 conversation with Graham.  Instead, defense counsel states that King denies making the subject comment. It is axiomatic that the statements of counsel are not evidence. Defendant also contends that the subject comment is not evidence of discriminatory intent because Title VII does not require a quota system.  Plaintiff does not claim that it does.  However artlessly Graham's question may have been drawn, the crux of his inquiry was to ascertain what, if anything, King intended to do about improving diversity in the units that he supervised.

In granting defendant's motion for summary judgment this Court stated that plaintiff "need not produce direct proof of a discriminatory intent . . . She may survive a motion for summary judgment by offering evidence including 'discriminatory statements by the employer or other attitudes suggesting the decision maker harbors discriminatory animus . . . [but plaintiff's] allegations as to King's possible prejudices remain conclusory."  Mem. Op. at 17-18.  Plaintiff has now proffered the testimony of an independent witness regarding King's discriminatory intent.  Even if her original failure to present this information to the court was inexcusable, plaintiff is entitled to relief pursuant to Rule 60 (b) (6) because the previously undisclosed evidence is so central to the litigation that it shows that the initial judgment to have been manifestly unjust.

### 3. Timeliness

A party seeking relief pursuant to Rule 60 (b) (1) must file within one year of the final judgment from which relief is sought and a party seeking relief pursuant to Rule 60 (b) (6) must filed within a reasonable time. *Sieverding*, at 227 (citation omitted). While it has been suggested that a reasonable time might be judged by the thirty-day notice of appeal period, "a lapse of as much as three months between judgment and motion" has been allowed. *Brannum v. Buriltanu*, 1999 U.S. Dist. LEXIS 13332 at *6 (July 28, 1999) (Urbina, J.). In *Brannum*, the motion was filed two years and five months after the order dismissing the complaint. *Id.* at *4. In *Johnson v. Ashcroft*, 223 F. Supp. 2d 116, 118 (D.D.C. 2002), the plaintiff filed new evidence eight months after the judgment, rather than the three-month period found acceptable in *Good Luck Nursing Home*. *See McMillan v. District of Columbia*, 2006 U.S. Dist. LEXIS 90766 at *9 (December 18, 2006) (Urbina, J.) (motion for relief denied where plaintiff's motion was filed more than seven months after denial of the motion to alter or amend judgment and more than fourteen months after defendant's motion to dismiss was granted). Plaintiff's motion, which was filed a little over two months after the judgment, was timely under both Rules 60 (b) (1) and 60 (b) (6).

## CONCLUSION

For the above-stated reasons, plaintiff is entitled to relief, and her motion should be granted.

April 16, 2007                     Respectfully submitted,

                                   HOUSTON & HOWARD

                                   By:    _____/s/_____
                                        Barbara E. Brown, #321091

1001 Connecticut Avenue, NW
Suite 402
Washington, D.C. 20036
(202) 628-7058

.