UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MELBA BROWN, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-1086 (RMU) |
| | : | | |
| v. | : | Document No.: | 15 |
| | : | | |
| CRISTIAN SAMPER,[1] | : | | |
| in his official capacity as | : | | |
| Secretary of the Smithsonian Institution, | : | | |
| | : | | |
| Defendant. | : | | |

MEMORANDUM OPINION

DENYING THE PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

I.   INTRODUCTION

The plaintiff, an African-American female employee at the National Zoological Park ("the National Zoo"), brought suit against the defendant, the Secretary of the Smithsonian Institute, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"). Specifically, the plaintiff claimed that the defendant was motivated by a wrongful discriminatory intent when the National Zoo failed to select her for a promotion. On January 19, 2007, the court granted the defendant's motion for summary judgment, concluding that the plaintiff could not prove that the defendant's rationale for not selecting her was a pretext for discrimination or that the defendant was motivated by racial or gender discrimination.

The plaintiff now moves the court for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), stating that she has new information that conclusively demonstrates the

---

[1] The court substitutes Cristian Samper for Lawrence M. Small, pursuant to Federal Rule of Civil Procedure 25(d).

defendant's discriminatory intent. The defendant argues that even if the new information did, in fact, demonstrate discrimination, the plaintiff should have discovered and disclosed the information during the summary judgment stage of the litigation. Because the plaintiff has offered no reason justifying relief from judgment, the court denies the plaintiff's motion.

## II. BACKGROUND

### A. Factual History

The plaintiff has worked at the National Zoo since 1985, serving as an animal keeper with the small mammal unit for the past twelve years. Compl. ¶ 7. Robert King is a Caucasian male who was the plaintiff's supervisor during the period of time at issue in this suit. Def.'s Mot. for Summ. J. ("Def.'s Mot.") at 7; Pl.'s Opp'n to Def.'s Mot. for Summ. J ("Pl.'s Opp'n") at 1.

In April 2003, King announced a vacancy for the biologist position at the Small Mammal Unit and his plans to appoint someone to a temporary detail for the position. Def.'s Mot. at 2. The plaintiff applied along with two other candidates, and a Caucasian male applicant was selected for the temporary position. Pl.'s Opp'n at 2; Def.'s Mot. at 2. King then prepared to make the biologist position permanent. Def.'s Mot. at 3.

King questioned the plaintiff multiple times about her transferring to a different division of the Zoo. Pl.'s Opp'n at 3. Subsequently, King informed the plaintiff that he wanted to detail her to the temporary biologist position. *Id*. By February 23, 2004, the plaintiff and a Caucasion male were the only two qualified applicants for the permanent biologist position. Def.'s Mot. at 4. A panel interviewed the plaintiff on March 11, 2004, and it interviewed the Caucasian male

on March 12, 2004. Pl.'s Opp'n at 4. The defendant asserts, and the plaintiff does not dispute, that the panel members gave the man higher overall scores than they gave the plaintiff. Def.'s Mot., Exs. 10-D & 10-E. King followed the recommendation of the panel and selected the man for the permanent biologist position. Def.'s Mot. at 6; Pl.'s Opp'n at 4.

The plaintiff received notice of her non-selection on March 22, 2004. Pl.'s Opp'n at 4. She filed a formal administrative charge of discrimination on June 9, 2004, and she received the Final Agency Decision on March 4, 2005. *Id.* ¶¶ 17, 21.

### B. Procedural History

On June 1, 2005, the plaintiff brought this suit alleging that racial and gender discrimination in violation of Title VII were inherent in her non-selection for the biologist position. *Id.* ¶ 24. On June 5, 2006, the defendant moved for summary judgment, alleging that it did not select the plaintiff because the panel gave higher scores to the male applicant. Def.'s Mot. at 1. The court granted the defendant's motion on January 19, 2007, concluding that the plaintiff could not demonstrate that the defendant acted with a discriminatory purpose. Mem. Op. (Jan. 19, 2007).

### III. ANALYSIS

#### A. Relief Under Federal Rule of Civil Procedure 60(b)

In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b). FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986). First, the court may grant relief from a judgment involving "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P.

60(b). Such relief under Rule 60(b) turns on equitable factors, notably whether any neglect was excusable. *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 392 (1993). Second, the court may grant relief where there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence. FED. R. CIV. P. 60(b). Third, the court may set aside a final judgment for fraud, misrepresentation, or other misconduct by an adverse party. *Id.*; *Mayfair Extension, Inc. v. Magee*, 241 F.2d 453, 454 (D.C. Cir. 1957). Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993) (Sporkin, J.) (citations omitted). Fourth, the court may grant relief where the judgment is "void." FED. R. CIV. P. 60(b). A judgment may be void if the court lacked personal or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law. *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999). Fifth, the court may grant relief if the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed . . . or it is no longer equitable that the judgment should have prospective application." FED. R. CIV. P. 60(b); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (noting that not all judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)). Sixth, the court may grant relief from a judgment for "any . . . reason justifying [such] relief." FED. R. CIV. P. 60(b). Using this final catch-all reason sparingly, courts apply it only in "extraordinary circumstances." *Pioneer Inv. Servs.*, 507 U.S. at 393.

A party proceeding under one of the first three reasons must file his Rule 60(b) motion within one year after the judgment at issue. FED. R. CIV. P. 60(b). A party relying on one of the remaining three reasons may file his Rule 60(b) motion within a reasonable time. *Id*. The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

### C.   The Court Denies the Plaintiff's Motion for Relief from Judgment

The plaintiff represents that she has obtained the testimony of a zoo employee that proves King's discriminatory intent and entitles her to relief from judgment.[2] The plaintiff argues in her reply that relief from judgment is appropriate because, after filing her opposition to the defendant's motion for summary judgment, the "plaintiff remembered" a conversation between King and National Zoo employee Ralph B. Graham. Pl.'s Reply at 2. It is her position that this testimony contains an admission from King as to his racial bias and is evidence of a discriminatory intent.

---

[2] The plaintiff's three-paragraph motion is wholly devoid of argument and cites no case law. In her motion, the plaintiff notes the court's previous observation that the "plaintiff's 'allegations are insufficient to demonstrate that King acted with a discriminatory intent [because the allegations] remain conclusory.'" Pl.'s Mot. for Relief from Judgment at 1 (citing Mem. Op. at 18). Although she cited the court's statement, the plaintiff seems to have overlooked the court's message: conclusory statements do not winning arguments make.

Perhaps recognizing the insufficiency of her motion, the plaintiff introduces her legal arguments in her reply to the defendant's opposition to her motion. Subsequently, the defendant moved for leave to file a sur-reply, and the plaintiff, as she must, consented to the motion. Because the plaintiff's reply raises new arguments not contained in her original motion, the court grants the defendant's consent motion for leave to file a sur-reply. *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003).

Upon recalling the testimony, the plaintiff "immediately notified defendant by supplementing her March 2006 discovery responses" on July 17, 2006. *Id*. In addition, the plaintiff argues that if she had not forgotten about Graham's testimony, she would have "assuredly" included his testimony in her discovery responses and in her opposition to the defendant's motion for summary judgment. *Id*. at 3. The defendant counters that the plaintiff has not demonstrated that she is entitled to relief under Rule 60(b). Specifically, the defendant argues that the plaintiff failed to bring her motion within a reasonable time period and that, even if timely, her motion hinges on evidence that she should have revealed during the summary judgment proceedings. Def.'s Opp'n to Pl.'s Mot. for Relief from J. ("Def.'s Opp'n") at 1-2. Further, the defendant argues that the plaintiff has not demonstrated why she could not have taken other action to inform the court of Graham's testimony prior to its ruling. Def.'s Sur-reply in Opp'n to Mot. for Relief from J. ("Def.'s Sur-reply") at 1-2.

### 1. The Plaintiff has Not Demonstrated Excusable Neglect

The plaintiff bears the burden of demonstrating that she is entitled to relief from judgment. *McCurry*, 298 F.3d at 592. She first argues that Rule 60(b)(1), providing for relief from judgment in the interest of equitable factors, including excusable neglect, justifies her request for relief from judgment. Pl.'s Reply at 1.

The plaintiff presents testimonial evidence in which Graham asserts that in July of 2004, he asked King "when was he going to get some diversity down to meet the quota system since he was in charge." Pl.'s Mot. at 1, Ex. 1. King allegedly replied to Graham, "I don't believe in that quota thing." *Id*. The plaintiff recalled Graham's testimony and amended her responses to discovery requests, notifying the defendant of the newly-remembered evidence. Pl.'s Reply at 4.

The plaintiff argues that her failure to remember and to bring forward Graham's testimony during the summary judgment phase constitutes excusable neglect. Pl.'s Reply at 4. She also states that she notified the defendant of Graham's testimony "months before the court issued its memorandum opinion." *Id.* What the plaintiff fails to address, however, is why she chose not to present this information to the court until the instant motion. Rather than constituting neglect, the plaintiff, or plaintiff's counsel, affirmatively chose not to inform the court of Graham's testimony. And, Rule 60(b) "'cannot be employed simply to recuse a litigant from strategic choices that later turn out to be improvident.'" *Lemmons v. Georgetown Univ. Hosp.*, 2007 WL 619508, at *6 (D.D.C. Mar. 1, 2007) (quoting *Smalls v. United States*, 471 F.3d 186, 191 (D.C. Cir. 2006)).

### 2. The Plaintiff has Not Demonstrated Any Other Reason Justifying Relief

The plaintiff also invokes Rule 60(b)(6), allowing for relief from judgment for "any . . . reason justifying [such] relief." FED. R. CIV. P. 60(b); Pl.'s Reply at 4-6. Although the Rule offers the court broad authority to provide relief from judgment, the court ought to invoke this provision sparingly. *Pioneer Inv. Servs.*, 507 U.S. at 393. To earn relief under this provision, the plaintiff must demonstrate that she has a meritorious claim. *See Lepkowski v. Dept. of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986). A "more compelling showing of inequity or hardship is necessary to warrant relief" pursuant to this section of Rule 60(b). *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1141 (D.C. Cir. 1988).

As the plaintiff argues, she may be entitled to relief if she presents a previously undisclosed fact that is so central to the litigation as to show that the initial judgment was manifestly unjust. *Hooker-Robinson v. Rice*, 2006 WL 2130652, at *3 (D.D.C. July 27, 2006)

(quoting *Jeffers v. Chao*, 2005 WL 1432374, at *4 (D.D.C. June 14, 2005)).  But, this relief is not ordinarily available to "a party that 'has not presented known facts helpful to its cause when it had the chance.'" *Humane Soc. of U.S. v. Johanns*, 2007 WL 1810103, at *5 (D.D.C. June 2007) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)).  The moving party in this circumstance "must demonstrate that its case 'is not the ordinary one.'" *Humane Soc. of U.S.*, 2007 WL 1810103, at *5 (quoting *Computer Prof'ls for Soc. Responsibility v. U.S. Secret Service*, 72 F.3d 897, 903 (D.C. Cir. 2996)).

     Quite simply, the plaintiff has made no showing as to why her case "is not the ordinary one" or why the court should grant her this extraordinary relief.  Her flat assertion that Graham's testimony constitutes direct evidence of discrimination fails to demonstrate that this new testimony meets the applicable standard.  King's statement to Graham regarding quotas may tend to show a personal bias, and it may tend to show pretext.  But, the plaintiff has not demonstrated that her failure to notify the court of this evidence in a timely fashion constitutes anything but a misguided strategy.  Absent a greater showing, the court cannot conclude that the plaintiff's new evidence demonstrates that the initial judgment was manifestly unjust.  *Hooker-Robinson*, 2006 WL 2130652, at *3 (quoting *Jeffers*, 2005 WL 1432374, at *4).

## IV.   CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for relief from judgment. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 14th day of January, 2008.

RICARDO M. URBINA
United States District Judge
