UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELBA BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 05-1086 (RMU) |
| CRISTIAN SAMPER, ) | |
| Acting Secretary, Smithsonian Institution, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S SURREPPLY IN OPPOSITION
TO MOTION FOR RELIEF FROM JUDGMENT**

Defendant, Cristian Samper, Acting Secretary, Smithsonian Institution, respectfully files this sur-reply, to respond to the Plaintiff's Reply in Support of Motion for Relief from Judgment, no. [17], and Plaintiff's underlying Motion, no. [15]. Plaintiff argues in her reply that she should be excused from failing to file the Graham declaration earlier than she did because, sometime in July 2006, she remembered, after filing her opposition to Defendant's motion for summary judgment, that Graham had allegedly relevant testimony. See Plf. Reply, no. [17], at 3. She further explains that she acted appropriately because she updated her discovery response--to note the Graham testimony--on July 17, 2006, which was the day before Defendant filed its reply in support of summary judgment.

Plaintiff's explanation falls fall short of constituting the "extraordinary circumstances" necessary for Rule 60(b) relief. Indeed, not only is her July 2006 "remember[ing]" not "extraordinary circumstances," but it probably is not even garden variety excusable neglect. If Plaintiff believed the Graham declaration was central to her claims, there is no apparent reason why she could not have sought leave to amend or supplement her then-pending opposition to

summary judgment at the same time she served her updated discovery response, that is on July 17, 2006, the day before Defendant filed its reply. Nor is there any apparent reason why she could not have sought leave to amend or supplement her opposition to summary judgment even <u>after</u> Defendant filed its reply. Either of those courses of action would have served the Court-- and the purposes of Rule 60(b)--far more effectively than simply waiting until after the Court issued its final judgment in the case.

Indeed, in the absence of a reasonable explanation for why these circumstances logically suggested withholding the Graham Declaration for so long, the most plausible explanation is that Plaintiff acted tactically to keep the evidence in reserve if the Court's decision went against her, as it now has. (Or it could reflect a tacit admission that the Graham declaration has little to do with the merits of the case, as Defendant explained in its opposition.) In any event, the Court should reject Plaintiff's maneuvering. <u>See, e.g.</u>, <u>Johnson v. Ashcroft</u>, 223 F. Supp. 2d 116, 118 (D.D.C. 2002) (Urbina, J.) (absent manifest injustice, the court "cannot grant a Rule 60(b) motion merely because the plaintiff failed to present facts helpful to [her] cause when [she] had the chance.").

Similarly, the circumstances here do not illustrate reasonably prompt action by Plaintiff, as required by Rule 60(b), because Plaintiff has no explanation for why she waited over two months after entry of final judgment (to say nothing of her delay since July 2006) to raise her argument about the Graham Declaration.

Accordingly, Defendant respectfully submits that Plaintiff's motion should be denied.

April 17, 2007                                    Respectfully submitted,

 

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

   /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

*OF COUNSEL:*
CRAIG M. BLACKWELL
Assistant General Counsel
Smithsonian Institution
P.O. Box 23286
Washington, D.C. 20026-3286
blackwellc@si.edu